IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IMPERIUM (IP) HOLDINGS, INC. | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:11-CV-163 |
| APPLE, INC, ET AL., | § § § | Judge Clark/Judge Mazzant |
| *Defendants.* | § § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 4, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Kyocera Communications, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) for Lack of Standing [Doc. #152] be denied.

Plaintiff filed this patent infringement action against Kyocera Communications, Inc. and seven other defendants asserting infringement of U.S. Patent Nos. 6,271,884 (the "'884 Patent), 6,838,651 (the "'651 Patent"), and 6,838,715 (the "'715 Patent"). Defendant Kyocera Communications, Inc.[1] filed a motion to dismiss asserting that there is a break in the chain of assignments from the original inventors to Plaintiff [Doc. #152]. Defendant asserts that this flaw deprives Plaintiff of any ownership interest in the asserted patents, and, therefore, Plaintiff has no standing. *Id.*

---

[1] Kyocera Communications, Inc. is the only Defendant asserting this motion to dismiss.

Having received the report of the United States Magistrate Judge [Doc. #197], and considering the objections thereto filed by Defendant [Doc. #200] and the response thereto filed by Plaintiff [Doc. #208], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the objections are without merit. Defendant contends that the Magistrate Judge erred by disregarding Plaintiff's verified interrogatory responses indicating that "Pictos assigned its right, title, and interest in the Patents-in-Suit to ESS Technologies International, Inc." [Doc. #200 at 7]. Defendant asserts that significant evidence in the record exists demonstrating that ESS Technologies International, Inc. is an entity that exists, and Defendant asserts that this evidence is corroborated by Plaintiff's own interrogatory responses. *Id*. at 7-8. Defendant also asserts that the Magistrate Judge erred in considering Plaintiff's sworn affidavits contradicting the prior sworn interrogatory responses submitted by Plaintiff. *Id*. at 8. Finally, Defendant contends that the Magistrate Judge erred by failing to hold Plaintiff to its burden of proving that it owns the asserted patents. *Id*. at 9.

First, the court notes that the entity ESS Technologies International, Inc. does not exist, and has never existed. Defendant points to no evidence indicating that this entity does exist. Instead, Defendant merely points to evidence of filings with the U.S. Patent and Trademark Office to indicate that ESS Technologies International, Inc. must exist because of these filings. However, the Magistrate Judge noted that a review of the evidence submitted by Defendant revealed that the documents "all expressly refer to the 2004 Pictos Assignment, and are a replication of the error in the assignment in question" [Doc. #197 at 6]. Defendant provides no

new evidence to contradict this finding, and makes no persuasive argument that ESS Technologies International, Inc. actually existed. This is contrasted with the evidence submitted by Plaintiff, which is SEC filings indicating that no entity named ESS Technologies, Inc. exists or existed in the past. Further, as noted by the Magistrate Judge, "recording a document with the U.S. Patent and Trademark Office is not a reflection of the 'validity of the document or the effect that document has on the title to an application, a patent, or a registration.'" *Id*. (citing 37 C.F.R. § 3.54; *Filtroil, N. Am., Inc. v. Maupin*, 2000 U.S. App. LEXIS 5759, at *9-*10 (Fed. Cir. March 30, 2000)). It is clear that the Magistrate Judge reviewed the evidence submitted by Defendant and did not merely disregard it, as Defendant suggests.

In addition, the court finds that the Magistrate Judge considered both the affidavits submitted by Plaintiff, as well as Plaintiff's sworn interrogatory responses. The Magistrate Judge found that the two submissions did not contradict each other, and there was no need to strike Plaintiff's affidavits [Doc. #197 at 6 n.3].

Finally, the Magistrate Judge also noted that

> even if the assignment was intended to be assigned to ESS Technologies International, Inc., that entity did not exist at the time of the 2004 Pictos Assignment. Therefore, the 2004 Pictos Assignment would be void as a matter of law, and Pictos Technologies, Inc. would have retained their rights to the patents-in-suit.

[Doc. #197 at 7]. Based on this finding, the Magistrate Judge concluded that upon the dissolution of Pictos Technologies, the patent rights would have been transferred to ESS Technology, Inc., Pictos' successor, and Plaintiff would still have an ownership interest sufficient to confer standing. Defendant does not address or argue this finding of the Magistrate Judge.

The court agrees with the report of the Magistrate Judge and finds that the objections raised by Defendant are the same or similar arguments advanced by Defendant in its motion to dismiss.

It is, therefore, **ORDERED** that Defendant Kyocera Communications, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) for Lack of Standing [Doc. #152] is denied.

So **ORDERED** and **SIGNED** this **20** day of **July, 2012.**

_____
Ron Clark, United States District Judge