# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM (IP) HOLDINGS, INC. § § § § v. § APPLE, INC. et. al. § § § § | Case No. 4:11-CV-163 Judge Clark/Judge Mazzant |

### Memorandum Adopting Report and Recommendation re Indefiniteness of '884, '651, & '715 Patents

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and he has recommended that Defendants' motion for summary judgment of indefiniteness regarding United States Patent No. 6,271,884, U.S. Patent No. 6,838,651, and U.S. Patent No. 6,838,715 be granted in part and denied in part [Doc. #181; Doc. #210]. These patents relate to digital cameras and camcorders and the sensor arrays used therein. Having received the recommendation of the United States Magistrate Judge [Doc. #210], having considered the objections and responses thereto filed by Plaintiff and Defendants [Doc. #219; Doc. #222; Doc. #238; Doc. #241], and having conducted a *de novo* review of the objections in relation to the pleadings and applicable law, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's reports as the findings and conclusions of the court.

# DISCUSSION

## A. Defendants' Objections to Recommended Denial of Motion for Summary Judgment as to '884 Patent and '715 Patent [Doc. #219]

Defendants object to the report's findings that "overall gain control block" in Claim 14 of the '884 Patent connotes sufficient structure to avoid being a means-plus-function term (or, alternatively, that adequate corresponding structure is disclosed), that the word "approximately" in the term "approximately aligns" in claims of the '715 Patent does not render the claims invalid as indefinite, and that the phrase "shifted closer to said optical center . . ." in claims of the '715 Patent does not create a physical impossibility that renders the claims invalid as indefinite [Doc. #219 at 2, 5, 6, 10]. All of these issues have been properly addressed by the report of the Magistrate Judge [Doc. #210 at 2-6, 12-21], but certain specific objections are discussed in further detail herein.

### 1. '884 Patent

As to "overall gain control block," Defendants submit the court failed to address the "USB Camera Designer's Guide," which was a proprietary document of the original assignee of the patent, Conexant Systems, Inc. *Id.* The patentee submitted the USB Camera Designer's Guide to the United States Patent and Trademark Office during prosecution of the '884 Patent, and Defendants argue the USB Camera Designer's Guide confirms that the term "block" does not connote structure. *Id.* at 4.

In its response, Plaintiff argued that the Magistrate Judge's finding that the claim term "overall gain control block" is not a means-plus-function limitation is fully supported by both the intrinsic record and the law [Doc. #238 at 3]. Plaintiff contends that the USB Camera Designer's Guide indicates that the term "block" is purely functional, and the sections on which Defendants rely do not discuss the term "overall gain control block." *Id.* at 5 n.18.

As a preliminary matter, Defendants' reply brief in support of their motion for summary judgment cited the USB Camera Designer's Guide in a footnote only to rebut Plaintiff's reliance on it as evidence that the constituent term "block" connotes structure to a person of ordinary skill in that art [Doc. #192 at 2 n.1; Doc. #185 at 7 n.18; *See* Doc. #185, Ex. 2, USB Camera Designer's Guide at p. "2-3" ("Power conditioning block"), p. "3-8" ("Clock Generator Block")]. In other words, Defendants argued that the court should not to rely upon the USB Camera Designer's Guide. The Magistrate Judge evidently agreed with Defendants.

But even considering the USB Camera Designer's Guide, the specification and the claims are far more probative than two isolated uses of the term "block" (cited in the preceding paragraph) in an essentially extrinsic design manual that the patentee submitted during prosecution. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) ("[W]hile extrinsic evidence can shed useful light on the relevant art, we have explained that it is less significant than the intrinsic record in determining the legally operative meaning of claim language.") (citations and internal quotation marks omitted). The Magistrate Judge properly found that "overall gain control block" connotes sufficient structure to avoid application of 35 U.S.C. § 112, ¶ 6, particularly in light of the presumption that 35 U.S.C. § 112, ¶ 6 does not apply where the claim language does not expressly recite a "means." *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004). The Magistrate Judge also properly found, in the alternative, that the claims and the specification disclose sufficient corresponding structure [Doc. #210 at 6]. This court adopts those findings, and Defendants' objections are accordingly overruled.

### 2. '715 Patent

There are sometimes cases involving a term of degree where "the patent fails to provide a person of ordinary skill in the art an objective anchor against which a potentially infringing

3

product may be compared" and "provides no objective framework regarding what is necessary to serve the inventor's purposes." *Advanced Display Techs. of Tex., LLC v. AU Optronics Corp., et al.*, Nos. 6:11-CV-11, -391, 2012 WL 2872121, at *12-*13 (E.D. Tex. July 12, 2012) (Davis, J.). In addition, Defendants cite the presence of "close prior art" as requiring better definition for the degree of "approximately" than is provided in the patent. *Amgen, Inc. v. Chugai Pharm. Co., Ltd.*, 927 F.2d 1200, 1218 (Fed. Cir. 1991) ("When the meaning of claims is in doubt, especially when, as is the case here, there is close prior art, they are properly declared invalid."). However, in the present case, the term "approximately" in Claims 1-3, 5, 6, 9-11, and 13-15 of the '715 Patent is anchored by the disclosure of the operation of the purported invention and the use of "shift groups," as thoroughly addressed in the five-page analysis by the Magistrate Judge [*See* Doc. #210 at 13-17]. Defendants' objections in this regard are overruled.

As to "shifted closer to said optical center . . ." in Claims 1 and 11, Defendants re-urge their reliance on *Chef America* and the general principle that courts should not rewrite unambiguous claim language to avoid inoperability. *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004). The Magistrate Judge fully considered *Chef America* and correctly concluded that "there is a plain, natural reading of the claim that avoids inoperability or exclusion of all embodiments and that is consistent with the specification" [Doc. #210 at 19-20]. Both the first and second metal interconnect segments shift closer to the optical center, but the second shifts more. Defendants' objection in this regard is overruled.

Accordingly, Defendants' objections as to the term "overall gain control block" in the '884 Patent, the "approximately aligns" terms in the '715 Patent, and the term "shifted closer to said optical center . . ." in the '715 Patent are overruled.

**B.    Plaintiff's Objections to Recommended Grant of Motion for Summary Judgment as to '651 Patent [Doc. #222]**

Plaintiff objects to the recommendation that Claims 13-15 are invalid because of lack of antecedent basis for the term "pixels," plural [Doc. #222 at 1]. Many of Plaintiff's objections have already been addressed by the Magistrate Judge in his recommendations [Doc. #241 at 3]. Claim 13 recites:

> Claim 13 recites (emphasis added):
>
> 13. A solid state imaging device, comprising:
>     groups of pixels, wherein each of said groups of pixels include:
>         *a red pixel* having an output;
>         a blue pixel having an output;
>         a first green pixel having an output; and
>         a second green pixel having an output;
>     a first analog-to-digital converter connected to the output of *the red pixel* for converting the output of *the red pixels* into a first digital signal and connected to the output of the blue pixel for converting the output of the blue pixels into a second digital signal;
>     a second analog-to-digital converter connected to the output of the first green pixel for converting the output of the first green pixels into a third digital signal and connected to the output of the second green pixel for converting the output of the second green pixels into a fourth digital signal; and
>     a color interpolation circuit for combining the first, second, third and fourth digital signals.

Plaintiff submits the plural term "pixels" and the "groups of pixels" language were added to distinguish the "Fowler" prior art, in which, according to Plaintiff, each of the analog-to-digital converters ("A/D converters") was dedicated to a single pixel. *Id.* at 4-5. The patentee amended application claim 12 (which was similar to application claim 17, which in turn ultimately issued as Claim 13 of the '651 Patent) and argued:

> It is respectfully submitted that Fowler discloses that each pixel 14 in FIG. 1 has a dedicated A/D converter. (See col. 2, lines 47-54.) In contrast, claim 12 of the present application, as amended, includes a first A/D converter for the red pixels, a second A/D converter for the blue pixels, a third A/D converter for the first green pixels, and a fourth A/D converter for the second green pixels. Therefore, in sharp contrast to Fowler, each of the A/D converters of claim 12 is not dedicated to a single pixel.

5

[Doc. #181, Ex. 1, 9/22/2003 Amendment and Response at 14].

Plaintiff did not present this prosecution history or the Fowler reference to the Magistrate Judge when responding to Defendants' briefing or oral argument [*See* Doc. #185; Doc. #202; Doc. #241 at 4], and evidence and arguments presented for the first time upon objection to a report and recommendation need not be considered. *Rhodes v. Dir., TDCJ-CID*, No. 6:11-CV-236, 2011 WL 6153088, at *3 (E.D. Tex. Dec. 12, 2011) ("The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court.") (citing *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992), *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994)).

Moreover, even if the prosecution history involving Fowler is considered, it fails to resolve the antecedent basis problem. In particular, Plaintiff does not address the problem emphasized by the Magistrate Judge that Claim 13 recites "a first analog-to-digital converter connected to the output of *the red pixel* [(singular)] for converting the output of *the red pixels* [(plural)] into a first digital signal" [Doc. #210 at 10].

Plaintiff relies on the examiner's silence on this issue as evidence that the examiner did not find any lack of antecedent basis [Doc. #222 at 5]. Plaintiff presents no authority, however, for the proposition that the absence of such an objection during prosecution should preclude a finding of indefiniteness during litigation. Further, at the time of the September 22, 2003 amendment and the January 16, 2004 office action cited by Plaintiff as evidence of the examiner's acquiescence, the claims at issue did not recite the "connected to the output of the red pixel [(singular)]" language that appears in issued Claim 13 [*See* Doc. #222, Ex. 2, 9/22/2003 Amendment and Response at 6-8; Doc. #222, Ex. 3, 1/16/2004 Final Rejection at 5-7]. The

patentee added that language to application claim 17 later, as part of the January 28, 2004 Amendment and Response [Doc. #181, Ex. 2 at 5]. The prosecution history relied upon by Plaintiff thus predates the "connected to the output of the red pixel [(singular)]" language on which the Magistrate Judge relied.

The Magistrate Judge properly found Claims 13-15 of the '651 Patent invalid based on indefiniteness. Plaintiff's objections in that regard are overruled.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Report and Recommendation [Doc. #210] on Defendants' Motion for Summary Judgment of Indefiniteness Regarding U.S. Patent No. 6,271,884, U.S. Patent No. 6,838,651, and U.S. Patent No. 6,838,715 [Doc. #181] is hereby adopted, and Defendants' motion [Doc. #181] is accordingly hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' motion is **GRANTED** as to claims 13, 14, and 15 of the '651 Patent, but is otherwise **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **January, 2013.**

_____
Ron Clark, United States District Judge