# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | § | |
|---|---|---|
| IMPERIUM (IP) HOLDINGS, INC. | § § § § | |
| v. | § § | Case No. 4:11-CV-163 Judge Clark/Judge Mazzant |
| APPLE, INC. et. al. | § § § | |

## Memorandum Adopting Report and Recommendation re Indefiniteness of '768 Patent, Claims 15 and 16

Pursuant to 28 U.S.C. § 636 this matter was referred to the United States Magistrate Judge, who entered containing a recommendation that Defendants' motion for summary judgment of indefiniteness as to claims 15 and 16 of United States Patent No. 7,064,768 (the "'768 Patent") be denied [Doc. #182; Doc. #211]. This patent relates to digital cameras and camcorders and the sensor arrays used therein. Having received the recommendation of the United States Magistrate Judge [Doc. #211], having considered the objections and responses thereto filed by Plaintiff and Defendants [Doc. #217; Doc. #237; Doc. #244], and having conducted a de novo review of the objections in relation to the pleadings and applicable law, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's reports as the findings and conclusions of the court.

## DISCUSSION

Defendants properly note that the Magistrate Judge has recommended denial of summary judgment based on finding that the antecedent basis for "the set of adjacent pixels" is "a plurality of pixels" [Doc. #211 at 7; Doc. #217 at 3]. Defendants argue that this finding is at odds with the prosecution history, in which the patentee amended the claims to replace "a set of adjacent

1

pixels" with "a plurality of pixels" [Doc. #217 at 3-4.]. Defendants submit that the court's construction negates this amendment. *Id.* Defendants also cite disclosure in the specification that the "set" and the "plurality" may be different and in fact are part of different selections, as set forth in Figure 11 of the '768 Patent. *Id.* at 4-5. Finally, Defendant cites various claim construction principles, such as the fact that different words should be presumed to carry different meanings. *Id.* at 6.

In its response, Plaintiff argues that the term "the set of adjacent pixels" has antecedent basis in claims 15 and 16 [Doc. #237 at 2-3]. Specifically, Plaintiff argues that the term "the set of adjacent pixels" finds reasonable antecedent basis in the term "plurality of adjacent pixels." *Id.* at 3. Plaintiff contends that nothing in the claim language precludes this reading, and that this interpretation is supported by the specification. *Id.* at 4. Plaintiff also argues that nothing occurred during prosecution to indicate that the applicants "intentionally disassociate[ed]" the "plurality" of pixels from the "set" of pixel. *Id.* at 6. Finally, Plaintiff asserts that the recommendation of the Magistrate Judge is not inconsistent with the specification or principles of claim construction. *Id.* at 6-9.

In reply, Defendants contend that it is undisputed that the applicants changed the language-at-issue in claims 15 and 16 during prosecution [Doc. #244 at 2]. Further, Defendants assert that Plaintiff's position is inconsistent with its prior assertion that the "set" was inherently a subset of the "plurality." *Id.*

The report of the Magistrate Judge properly considered and rejected Defendants' arguments [*See* Doc. #211 at 6-13], particularly in light of the principle that "the claims need not be construed to encompass all disclosed embodiments when the claim language is clearly limited to one or more embodiments." *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d

1364, 1375 (Fed. Cir. 2008) ("[T]he mere fact that there is an alternative embodiment disclosed in the . . . patent that is not encompassed by district court's claim construction does not outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence."). Defendants' objections are therefore overruled.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Report and Recommendation [Doc. #211] on Defendants Apple Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.'s Motion for Summary Judgment of Indefiniteness Regarding U.S. Patent No. 7,064,768 [Doc. #182] is hereby adopted, and Defendants' motion [Doc. #182] is accordingly **DENIED**.

It is further **ORDERED** that: (1) "the set of adjacent pixels" in Claims 15 and 16 is the same as "the plurality of adjacent pixels" recited in those claims; and (2) the limitation of "a [green/red] zone system receiving the test pixel data and selecting the set of adjacent pixels based on a [green/red] pixel distribution of a Bayer pattern" must be satisfied before the other recited limitations can be satisfied.

So **ORDERED** and **SIGNED** this **31** day of **January, 2013.**

.

								_____
								Ron Clark, United States District Judge